## A. Gauthier and Son

*vs.*

## Walker D. Hines, Director General of Railroads.

### Oxford. Opinion November 15, 1921.

*A Railroad Company is not bound by an agreement made by a local freight agent, to purchase at face value, goods in the hands of consignees, damaged in transit.*

A local freight agent of a Railroad Company has no implied authority to bind the company in agreeing to purchase at face value goods in the hands of consignees that had reached their destination in a damaged condition.

The Railroad Company having disposed of the damaged goods and received therefor the sum of $356.59, the presiding Justice properly ordered a verdict for that amount.

On exceptions by plaintiffs. An action of assumpsit containing two counts, the first on an account annexed to recover the face value of 612 dozen of canned tomatoes at $1.50 per dozen, which were shipped from California to Rumford by freight, arriving at point of destination in a damaged condition, and freight and trucking, making a total of $1,106. The second count is for money had and received. Plaintiffs claimed that a freight agent of defendant agreed to take the damaged goods and pay the face value. Defendant contends that even if the freight agent agreed as claimed by plaintiffs, and it is doubtful if his language could be construed to constitute such an agreement, he had no authority, express or implied, to make such an agreement to bind the defendant. The defendant disposed of the cans left in its possession, receiving therefor $356.59, and tendered that sum to the plaintiffs. The presiding Justice ordered a non-suit on the first count, and ordered a verdict for plaintiffs on the second count for said sum of $356.59, and plaintiffs excepted. Exceptions overruled.

Case is stated in the opinion.

*Albert Beliveau,* for plaintiffs.

*Charles B. Carter,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, JJ.

CORNISH, C. J.    The plaintiffs, retail merchants, were the consignees of a shipment of canned tomatoes from California, consisting of twelve hundred and fifty dozen cans, which arrived at Rumford by freight over the Maine Central Railroad on November 2, 1918.    On opening the car it was found that a portion of the shipment was in an unsalable condition.    The cartons were broken, and damp, and many of the cans were rusty and without labels.    The plaintiffs hauled one load to their store but left the balance.

The writ contains two counts, the first on an account annexed for 612 dozen at $1.50 per dozen, $918, together with amount paid for freight $173.40, and trucking $14.60, making a total of $1,106.

The second count is for money had and received.

The plaintiffs base their first count on a conversation their senior member claims to have had with Mr. White the local freight agent after the condition of the goods was discovered, in which Mr. White told Mr. Gauthier to use what he could of the cans and to haul the rest to the station and "we will take care of them."    In this he is corroborated by the representative of the brokers who originally sold the goods to the plaintiffs, and who overheard the conversation. The defendant offered no evidence so that the fact of the conversation is established.

The plaintiffs construe this to mean that the Railroad Company would take the goods off their hands, or in other words would purchase from them at the cost price, the damaged cans which they had already paid for to the vendors, together with all freight and trucking charges. A more reasonable construction of the words "we will take care of them" might be that the company would dispose of the damaged goods as best it could and account to the plaintiffs for the proceeds, but assuming the proper construction to be as the plaintiffs claim, an absolute contract of purchase, the legal question immediately arises whether the plaintiffs must not go further and establish by competent proof, legal and sufficient authority in Mr. White to bind the Railroad Company in this manner and to this extent.

No evidence was introduced on this point, further than to show that Mr. White was the local freight agent of the company at Rumford.    This, therefore, reduces the problem to a single question, whether the making of such an agreement was within the scope of

his authority as local freight agent per se. We have no hesitation in holding that it was not. The ordinary duties of a local freight agent in the reception and forwarding of freight and the receiving of transportation charges are quite distinct from the power to admit liability on the part of the company for negligence in transportation, or from making contracts in whatever amount to purchase at face value damaged goods in the hands of dissatisfied consignees. The latter cannot be inferred or implied from the former. They are far outside the scope of the freight agent's employment.

In a recent case where the cause of action was the alleged negligence of the defendant in setting a fire by sparks from its locomotive, the court held that a letter written by a station agent to the general manager the next day after the fire, stating among other things that it was set by one of the company's engines, was inadmissible as being outside his line of duty. The opinion continues: "Further it needs no argument to sustain the proposition that Mr. Hayes had no authority by virtue of his office as station agent to bind the railroad company by an admission of its liability as alleged in this case. If authority in him to make such an admission is claimed it should be shown by competent proof for it cannot be inferred as within the scope of his authority as station agent." *Warner* v. *Maine Central Railroad Co.,* 111 Maine, 149. In the case at bar, Mr. White was not even the station agent. His official position as freight agent was one degree lower. A non-suit was properly ordered by the presiding Justice on the first count.

As to the second count, for money had and received, it appears that the Railroad Company disposed of the cans left in its possession, receiving therefor the sum of $356.59, and tendered that sum to the plaintiffs.

The presiding Justice properly ordered a verdict for the plaintiffs in that sum, on the second count.

*Exceptions overruled.*